UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN M. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 6959 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ILLINOIS DEPARTMENT OF INSURANCE and ANDREW BORAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kevin M. Price brought this *pro se* lawsuit against the Illinois Department of Insurance and its director, Andrew Boran, complaining that Defendants denied him an Illinois insurance license in 1999 and again in 2005 and that they committed various other wrongs against him. Doc. 14 (second amended complaint). Defendants have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Doc. 27. The motion is granted.

**Background**

In considering the motion to dismiss, the court assumes the truth of the second amended complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("In the context of facial challenges [to the court's subject matter jurisdiction], … the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion."). The court also must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper

-1-

judicial notice," along with additional facts set forth in Price's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Price as permitted by the second amended complaint and the other materials that must be considered on a Rule 12(b) motion.

From 1987 to 1999, Price was an insurance agent with an Illinois license to sell insurance. Doc. 14 at ¶ 1. In 1999 and again in 2005, Prices' applications for a license were denied. *Id*. at ¶ 5. Price sought administrative review of the denial of his applications in state court. *Ill. Dep't of Fin. & Prof'l Regulation*, 05 CH 7084 (Cir. Ct. Cook Cnty., Ill., filed Apr 21, 2005); Doc. 14 at p. 3. The state trial court affirmed the agency's decision in December 2005. Doc. 14-1 at 3-6 (the state court opinion). Price did not appeal. Doc. 14 at p. 3. Price again applied for a license in 2011; that application remains pending. *Ibid*. Price "completed all testing and classroom requirements each time" that his applications were denied. *Id*. at ¶ 12.

Price alleges in this suit that "Defendants denial in Chancery Court of Insurance License had disregaurd for 'Contract Law,' 'Agreed Settlement,' 'Out of Court Settlement between two parties' in 2005." *Id*. at ¶ 19. This presumably is a reference to and criticism of the 2005 state court ruling. Price also alleges that his rights under the First, Fourth, Fifth, Sixth, Seventh, and Eighth Amendments "have been violated from 1998 to present," *id*. at ¶ 13; that he "was disallowed to collect est. 150k in recievables due K. Price, Inc./Kevin Marion Price," *id*. at ¶ 14; that "forced entry has been done to [him] at several locations," which he lists, *id*. at ¶ 20; that "Defendant has issued 'wrongfull statements' which has lead to the denial of Illinois Insurance License," *id*. at ¶ 22; and that he "was force to liquidate personal pension and property wrongfully," *id*. at ¶ 27. Price "asks the court for a chance to prove civil conspiracy/collusion,"

*id*. at ¶ 28; "asks the court to rule on 'outrageous conduct causing severe emotional and economic distress,'" *id*. at ¶ 30; and "ask[s the] court to investigate Illegal Wiretaping from 1997 to Present," *id*. at ¶ 31. Price requests "injunctive relief from Defendant from continuing their harm to Plaintiff, family and friends," and "judgment in excess of [$]75,000 for each of: Loss of Income, Loss of Property, Emotional Harm, Loss of Credit, Pain & Suffering, [and] Loss of Enjoyment of Life." *Id*. at ¶¶ 38, 40. Price also asks that this court "to proceed with" the Attorney General of the United States to institute criminal proceedings against Defendants "and all known Associates." *Id*. at ¶ 39.

## Discussion

Defendants' Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, while their Rule 12(b)(6) motion challenges only the sufficiency of the second amended complaint, so the Rule 12(b)(1) motion must be considered first. *See Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) ("we have an independent obligation to satisfy ourselves that jurisdiction is secure before proceeding to the merits"). Defendants ground their Rule 12(b)(1) motion on the *Rooker-Feldman* doctrine and the Eleventh Amendment.

Regarding the *Rooker-Feldman* argument, it is not clear that the second amended complaint's short reference to the state trial court's rejection of Price's administrative review action, Doc. 14 at ¶ 19, is meant as a legal challenge to that decision rather than a mere criticism of it. But Defendants are correct that, to the extent that Price challenges that decision, the challenge falls within the scope of the *Rooker-Feldman* doctrine. That doctrine precludes a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Price lost the state court suit in a judgment entered in December 2005, which he did not appeal, while the present case was filed in 2012.  This court therefore is barred from reviewing the merits of the state court decision or any injuries that Price has suffered as a result of that decision.  *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.").

The Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities," with exceptions in cases of voluntary waiver by the State, valid abrogation by Congress, or "suits against state officials seeking prospective relief for ongoing violations of federal law."  *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007).  The Department of Insurance is an agency of the State of Illinois and has not consented to this suit.  *See Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("The Eleventh Amendment bars suits against a state agency, such as the Connecticut Department of Insurance, absent a waiver of sovereign immunity.").  Nor has Congress sought to abrogate state sovereign immunity with any of the statutes mentioned by Price, in particular 42 U.S.C. § 1983, the vehicle for his federal constitutional claims.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[T]he Eleventh Amendment bars the suit.  The suit is against a state and a state agency and Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.").  From these propositions, it follows that this court may not hear Price's suit except to the extent it seeks either prospective injunctive relief against Boran in his official

capacity or any form of relief against Boran in his individual capacity. Moreover, under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), the Eleventh Amendment precludes this court from exercising jurisdiction "when a plaintiff alleges that a state official has violated *state* law." *Id*. at 106. Thus, to the extent that Price accuses Boran of failing to properly apply Illinois law governing the issuance of insurance licenses, this court lacks jurisdiction to consider his claims. *See James v. Madigan*, 373 F. App'x 619, 621 (7th Cir. 2010) ("Although *Ex Parte Young*, 209 U.S. 123 (1908), permits prospective relief against a state official to ensure future compliance with federal law, this approach does not apply to claims under state law.").

To the extent there remains any portion of the second amended complaint within this court's jurisdiction, that portion is dismissed under Rule 12(b)(6). Rule 8(a) states that "[a] pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court interpreted Rule 8(a) in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. …
>
> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

> recitals of the elements of a cause of action, supported by mere conclusory
> statements, do not suffice. … Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.

*Id*. at 677-79 (citations and internal quotation marks omitted).

Price's allegation that his rights under a slew of constitutional provisions "have been violated from 1998 to present," Doc. 14 at ¶ 13, is no more than a legal conclusion, and thus cannot prevent dismissal. In his brief opposing dismissal, Price provides some elaboration:

> Plaintiff confirms 1, 4, 5, 6, 7, & 8 Constitutional right were violated, the
> first being and following meetings, phone calls and hearing, due to
> Plaintiffs voice tone and speech, plaintiff will prove with depositions, from
> State employees involved, a conspiracy occurred. The 4th amendment is
> stated in complaint on papers & computer tampering and upon deposition
> will prove. The 5th amendment right of "no person shall be subject for the
> same offence to be twice put in jeopardy" and I have been denied my right
> to "life, liberty and pursuit of happiness." 7th amendment is Plaintiff right
> to a jury trial (this may be waived in lieu of a bench trail). 8th amendment
> right violated on "cruel and unusual punishment" and if forcing a person to
> sell and liquidate and per [paragraph 26] of complaint, extortion isn't cruel
> and unusual punishment, when the State of Illinois was aware of this, then I
> don't know what that means.

Doc. 31 at ¶ 13.

Price's vague and confusing reference to the violation of his First Amendment rights is insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The same goes for his reference to "papers & computer tampering" violating his Fourth Amendment right to be free from "unreasonable searches and seizures"; even assuming that Price was subjected to a "search," there is nothing to support an inference that the search was "unreasonable." As for the Fifth Amendment, nothing in the second amended complaint or other filings suggests that Price has been tried for any offense even once, much less twice for the same offense. The Fifth Amendment does state that "[n]o person shall be … deprived of life, liberty, or property, without

due process of law," but Price's allegation of a denial is a mere legal conclusion and in any event is insufficient to state a claim absent factual allegations plausibly suggesting that the denial was made without due process. Price's reference to the Seventh Amendment appears to be a demand that this case be tried to a jury rather than an allegation that his right was violated by the state agency or state court. *Cf. McDonald v. City of Chicago*, 130 S. Ct. 3020, 3035 n.13 (2010) (noting that the Seventh Amendment has not been incorporated). Finally, no authority supports Price's submission that "forcing a person to sell and liquidate" some of that person's assets to pay child support could amount to "cruel and unusual punishment" under the Eighth Amendment. In any event, the *Rooker-Feldman* doctrine bars this court from considering that claim to the extent it challenges as "cruel and unusual" an Illinois court order requiring him to pay child support. Doc. 14 at ¶ 26 ("Plaintiff was ordered by Will County Court, and Attorneys Santoro & Rouskey to pay child support Plaintiff did not have, money came from Premium trust account, both attorneys and Judge were aware money did not belong to Plaintiff.").

Price also alleges that he "was disallowed to collect est. 150k in recievables due K. Price, Inc./Kevin Marion Price," *id*. at ¶ 14; that "forced entry has been done to Plaintiff at several locations," *id*. at ¶ 20; that "Defendant has issued 'wrongfull statements' which has lead to the denial of Illinois Insurance License," *id*. at ¶ 22; and that "Plaintiff was force to liquidate personal pension and property wrongfully," *id*. at ¶ 27. These allegations do not state claims upon which relief can be granted. Price does not explain why the alleged failure to allow him to collect receivables due to him or his company was unlawful, and the same is true of the second allegation of "forced entry." Nor does Price explain why Defendants' alleged "statements" were "wrongful[]," or the circumstances under which he was "force[d] to liquidate" his "personal pension and property." Absent such elaborations, the court cannot "draw the reasonable

inference that the defendant is liable for the misconduct alleged," which means that the claims must be dismissed under Rule 12(b)(6).

Finally, Price "asks the court for a chance to prove civil conspiracy/collusion," *id*. at ¶ 28; "asks the court to rule on 'outrageous conduct causing severe emotional and economic distress," *id*. at ¶ 30; and "ask[s the] court to investigate Illegal Wiretaping from 1997 to Present," *id*. at ¶ 31. These conclusory references to "civil conspiracy/collusion," "outrageous conduct causing severe emotional and economic distress," and "Illegal Wiretaping" do not meet *Iqbal*'s requirement that the complaint "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Rather, they are the sort of "naked assertions devoid of further factual enhancement" that do not satisfy Rule 8. *Ibid*. (brackets and internal quotation marks omitted).

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted. Price will not be given a chance to amend his complaint further; this is so for two reasons. The first is that Price is now on his second amended complaint, which means that he has had three chances to plead viable claims, and he will not be given a fourth opportunity. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (holding that "a district court is not required to grant such leave [to amend a complaint] when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted," and that the district court did not abuse its discretion in denying leave to amend where the plaintiffs had already had "three opportunities"); *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) ("while it is possible that the deficiencies of the complaint could be cured by further pleading, the plaintiff has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance"). The

second reason is that Price's opposition brief does not request a chance to replead. *See James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in not giving it leave to amend where the plaintiff did not request leave to amend).

February 12, 2013

_____
United States District Judge